FILED

Laurack D. Bray
P.O. Box 611432
Los Angeles, California 90061
Tel: (805) 901-2693

Related DOJ

2017 AUG 25 AM 10: 27

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

**Plaintiff Pro Se**



PAID

AUG 25 2017

Clerk US District Court
COURT 4612

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LAURACK D. BRAY,

                            **Plaintiff,**

v.

SUPERIOR COURT OF CALIFORNIA; and
SHERIFF JIM McDONNELL, County of Los
Angeles, in his official capacity,
Tani-Cantil-Sakauye, in her
official capacity

                            **Defendants.**

NO._____
C V 17 - 0 6 2 8 9 - CJC(AS)

**VERIFIED***
**CIVIL RIGHTS COMPLAINT**

**FOR PRELIMINARY AND
PERMANENT INJUNCTIVE
RELIEF AND DAMAGES**

**JURY TRIAL DEMANDED**

*Factual allegations

1

**STATEMENT OF THE CASE**

1 .   This case arises from an unlawful detainer "trial" conducted in the Superior Court of California on July 6, 2017, whereby a Superior Court judge, Joseph Kalin, after refusing to acknowledge relevant law (both case law and statutory law) submitted by Plaintiff herein,  and directed to the essential aspects of the unlawful detainer case, proceeded to conduct what was supposed to be a trial (but, in reality, wasn't even a due process "hearing") and entered a judgment of eviction against Plaintiff herein.

2.   This case also involves the Superior Court of California conducting an unlawful detainer "trial" without the assistance and assurance of a recording of the proceeding through either a court reporter or a tape.    Finally, the case involves the State of California, through  a  Superior Court judge, denying a black  male his constitutional rights during judicial proceedings, by clearly favoring the female sister of Plaintiff herein during the hearing.

3.   The central issue in this case is:  whether judge Kalin and the  State of California (or the State) denied Plaintiff due process  and/or other constitutional rights, under color of law, and/or  discriminated against him, based on his race or color and gender,  in their dealings with him during the state court trial proceedings?


4.   The Fourteenth Amendment of the U.S. Constitution guarantees that no State shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

4a.   Through this lawsuit, Plaintiff seeks preliminary and  permanent injunctive relief and damages.

## JURISDICTION AND VENUE

5.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. secs.  1331 and  1343;  42 U.S.C.  secs.  1981 and  1983.

5a.   This Court also has  jurisdiction over the State court proceedings pursuant to Goldie's Bookstore Inc.  v.  Superior Court of State of California, 739 F.2d 466 (9th Cir. 1984).

6.    Venue is proper in the Central District of California under 28  U.S.C.  sec. 1391(b)  because the events or omissions giving rise to the claims herein occurred in this District.

## PARTIES

7.    Plaintiff  Laurack D. Bray is a 67 year old African American or Black male, who  now  resides in Los Angeles.  He is the brother of the Plaintiff in the Superior Court action.

8.     Defendant  Superior Court of California is responsible for the provision and operation of judicial or court services for the administration of justice in the State of California and is an arm of the parent State of California.

3

9.    Defendant Jim McDonnell is the Sheriff of the L.A. County Sheriff Department .  He is responsible for the direction and oversight of all operations of the Department.   He is being sued in his official capacity.

10.   Defendant  Dianne V. Jackson is the 69-year old sister of Plaintiff herein; and she is the Plaintiff, as Conservator of the mother's estate, in the Superior Court action, which is the subject of this lawsuit.

10a.   Defendant Tani-Cantil-Sakanye is Chair of the Judicial Council of California, which is charged with supervisory authority over and the administration of the Superior Courts of California.   She is being sued in her official capacity.

## FACTUAL  ALLEGATIONS  AND  CLAIMS

### COUNT  I
### DENIAL OF DUE PROCESS AND UNRECORDED TRIALS

### Violation  of 42  U.S.C.  secs.  1981  and 1983

### Violation  of Due Process/Equal Protection Clause of Fourteenth Amendment

11.    Plaintiff incorporates Paragraphs   1-28 as if fully set forth herein.

11a.    Laurack  D.  Bray is  African  American or Black.

11b.   State Defendants, and all of them, denied Plaintiff his Fourteenth Amendment constitutional rights to due process of law, under color of law, by implementing a policy of conducting unrecorded, either by tape or court reporter,

4

unlawful detainer trials, and did so implement this policy or procedure during Plaintiff's U.D. "trial" or proceeding.

## COUNT II

### DENIAL OF DUE PROCESS AND A JURY TRIAL

### Violation of the Fourteenth Amendment Due Process Clause

### The Superior Court Rule concerning Jury Trials as Applied was Unconstitutional

12.　Plaintiff incorporates Paragraphs 1-11b by reference, as if fully set forth here. On July 5, 2017, Defendant Superior Court of California through Superior Court judge Deborah Christian denied Plaintiff his right to a jury trial in violation of the Due Process Clause of the Fourteenth Amendment , and under color of law, by implementing the so-called "five-day rule" regarding paying for a jury trial, even though the purpose for the rule was not being served.

## COUNT III

### DENIAL OF DUE PROCESS AND A DUE PROCESS "TRIAL"

### Violation of the Fourteenth Amendment Due Process Clause

13.　Plaintiff incorporates Paragraphs 1-12 by reference, as if fully set forth here. On July 5, 2017, State Defendants and all of them, violated Plaintiff's 14th Amendment due process right, under color of law, by denying Plaintiff an actual "trial", that is, there was no elements of an actual trial implemented at the scheduled trial, e.g., opening or closing statement, swearing in of witnesses,

testimony of witnesses, cross-examination, etc.. Defendant wasn't allowed to
present his defenses through sworn testimony, and only got to barely mention
one defense, but never got to discuss it fully because the judge, Joseph Kalin, said
there was no retaliation, after Plaintiff named it as a defense.


## IV

## DENIAL OF DUE PROCESS AND TAKING OF PROPERTY WITHOUT DUE PROCESS OF LAW

14.   Plaintiff incorporates by reference Paragraphs 1-13 as if fully set forth herein.
Defendant Superior court of California, through judge Joseph Kalin and his final
judgment and order, issued on July 6, 2017, denied Plaintiff his constitutional
right to due process of law by taking possession of property from Plaintiff herein
and awarding the same property to the Plaintiff there, Dianne Jackson, when
Plaintiff herein had not received "notice" that such possession was being sought
and was actually not sought in the notice that Plaintiff herein was given in her
termination notice.

15. Jackson, as purported conservator, through her termination notice, only
sought the "living room" portion of the property or residence, while judge Kalin
intentionally awarded Jackson the entire residence at the address.  Therefore,
Plaintiff did not receive notice and a "trial" regarding the taking of the entire
residence at the 93rd street address.

**V**

**DENIAL OF DUE PROCESS,  EQUAL PROTECTION, AND AN UNCONSTITUTIONAL JUDGMENT**

**Violation of the Fourteenth Amendment's Due Process and Equal protection Clauses**

16.   Plaintiff incorporates by reference Paragraphs  1-15, as though those paragraphs are fully set forth here.   The judgment entered on July 6, 2017, by the Superior Court of California and judge Joseph Kalin was( is) unconstitutional for the following reasons.

17.  The judgment is unconstitutional based on Counts I through IV above herein .

18.  The judgment is unconstitutional because Plaintiff did not receive sufficient or proper notice regarding the unlawful detainer process, and prior to trial.

19.  The judgment is unconstitutional  because two Superior Court judges ignored or disregarded  controlling law regarding proper notice.

20.  The judgment is unconstitutional because Jackson had to obtain authority from the Probate Court and consent of the conservatee, the mother,  to bring the unlawful detainer action, and she did not obtain or acquire the authority or consent to do so.

21.  The judgment is unconstitutional  because judge Kalin relied on an opinion of a Probate Court supervisor rather than the law in determining that Jackson had authority to bring the unlawful detainer lawsuit.

22.  The judgment is unconstitutional because  the Superior Court of California, through two judges, favored the Plaintiff in the action below.  At one point, when Jackson attempted to submit some exhibits (pictures) as evidence, judge Kailn

told her that she didn't need to submit the exhibits, implying that she was going to prevail anyway.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the Court grant the following forms of relief:

A. Injunctive Relief : (1) order that enforcement of the judgment be enjoined; (2) order that the judgment be vacated; (3) prohibit any and all future unlawful detainer trials, if any, Plaintiff undergoes in the Superior Court of California from being conducted without a court reporter or recording device able to keep a record of the proceedings, or put another way, require any and all future unlawful detainer trials, if any, be provided with a court reporter or tape; and (4) declare that Plaintiff cannot be re-tried in unlawful detainer proceedings regarding the 402 E. 93rd Street address and property, or otherwise Defendants are permanently enjoined from conducting unlawful detainer proceedings of any kind with Plaintiff as a Defendant and Dianne Jackson as a Plaintiff, without *express* consent of the conservatee (and owner) Helen H. Davis, by way of oral testimony in court.

B. Compensatory Damages : in an amount to be proven at trial from the Superior Court of California for its constitutional violations, and those of its employees, including judges, clerks, etc.

8

C. Restitution : from all defendants for the time spent on this case.

D. Costs

E. Any other appropriate relief that the court deems fair and just.

I declare under penalty of perjury that the foregoing are true and correct.

Executed on ___August 24___ , 2017 at Los Angeles, California.

LAURACK D. BRAY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )

Laurack D. Bray

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Superior Court of California, et al.

**(b)** County of Residence of First Listed Plaintiff  Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Laurack D. Bray
P.O. Box 611432 (805) 901-2693

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multidistrict Litigation - Transfer

☐ 8. Multidistrict Litigation - Direct File

---

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT: $**

---

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. secs. 1983 and 1981

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Commodities/Exchange | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☒ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

---

**FOR OFFICE USE ONLY:**     Case Number:     CV17-06274

CV-71 (07/16)                        CIVIL COVER SHEET                        Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE**: Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? ☐ Yes ☒ No  If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? ☐ Yes ☒ No  If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.?  check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? ☐ Yes ☒ No  If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?  check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | A. Orange County | Riverside or San Bernardino County | Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A? ☐ Yes ☒ No  If "yes," your case will initially be assigned to the SOUTHERN DIVISION.  Enter "Southern" in response to Question E, below, and continue from there.  If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B? ☐ Yes ☒ No  If "yes," your case will initially be assigned to the EASTERN DIVISION.  Enter "Eastern" in response to Question E, below.  If "no," your case will be assigned to the WESTERN DIVISION.  Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E:  Initial Division? | |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | ↺ |

| QUESTION F:  Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?    ☒ NO    ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO    ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _Laurel D. Bray_    DATE: _Aug. 29, 2017_

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |