LAURACK D. BRAY
P.O. Box 611432
Los Angeles, California 90061
Tel.: (805) 901-2693

FILED
2017 AUG 25 AM 10:29
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

Plaintiff Pro se

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LAURACK D. BRAY

    Plaintiff,

v.

SUPERIOR COURT OF CALIFORNIA,
ET.AL.

    Defendants.

NO. CV17-06289-CJC(AS)

PLAINTIFF'S APPLICATION
FOR AN EX PARTE
TEMPORARY RESTRAINING
ORDER AND FOR AN ORDER
TO SHOW CAUSE RE:
PRELIMINARY INJUNCTION

---

Pursuant to F.R.C.P., Rule 65(b), Plaintiff moves the Court for a temporary restraining order (TRO) to restrain, enjoin, or otherwise order the following actions:

1. Restrain the enforcement of the unlawful detainer judgment entered on July 6, 2017, by Judge Joseph Kalin, by all empowered to enforce such judgment, especially Defendant Jackson.

1

2. Restrain Defendant Jackson from taking any actions in pursuance of enforcement of the July 6, 2017 unlawful detainer judgment.

3. Require Defendants, and all of them, to show cause why this court should not issue a preliminary injunction extending such temporary relief pending an adjudication on the merits.

The grounds for the motion will be set forth below in the brief memorandum of points and authorities in support of the motion.

WHEREFORE, Plaintiff moves the Court for a TRO and a Show Cause Order for a preliminary injunction. Attached to this Motion is an affirmation from Plaintiff. Also attached is a proposed TRO and Show Cause Order pursuant to Local Rule 7-19. Rule 7-19.1.

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION

I

**BRIEF STATEMENT OF THE PERTINENT FACTS FOR THIS TRO MOTION**

Plaintiff and Defendant Jackson are both children of Helen H. Davis, who is a conservatee in a conservatorship matter being handled in the Probate Court. Davis is now living in a board and care (stemming from a fall she suffered in

September, 2014). Jackson was appointed conservator over Davis's person and estate over Plaintiff's objection and opposition. Plaintiff cross-petitioned for the conservatorship, but was denied. Plaintiff claimed, based on actions of the conservatorship judge and a court-appointed attorney, that the conservatorship awarded to Jackson was based on illegal conduct and discrimination. Nevertheless, Jackson remained as conservator. Plaintiff and Jackson does not get along.

Both Plaintiff and Jackson lives with Davis, although Jackson, physically, lives somewhere else (while still occupying a room full of her furnishing and goods and while storing goods from a previous residence at the Davis residence; and while continuing to use the Davis residence as her legal address in her legal proceedings). Davis has never charged either of the adult children rent. Both children have lived with Davis for over 10 years—but Plaintiff actually cared for Davis before her fall—because Jackson was never home. Upon information and belief, she spent most of her time with a boyfriend, who is the same boyfriend she is living with now.

Recently, Jackson, capitalizing on her conservatorship title, initiated (or was allowed to initiate—without authority) unlawful detainer proceedings against Plaintiff (who actually and physically lives at Davis's home) in the Superior Court

of California Los Angeles County. It is not the will of the mother, Davis, rather, it is Jackson's desire. Jackson initiated the unlawful detainer proceedings without authority from the probate court, which is required. Plaintiff raised the issue in a motion submitted to the probate court, but the probate court has refused to rule on the motion.

When Jackson initiated the U.D. proceedings, she served a termination notice which stated "The premises of which you are required to surrender possession are: address : "402 East 93 St., Apartment or Suite No. : Dining Room, Los Angeles, CA, 90003." See Exhibit #1 (Jackson's U.D. Complaint, "60-day Notice to Terminate Tenancy"). Plaintiff answered the Complaint. See Exhibit #2. Also, as a matter of law, Jackson was required to serve **two separate** notices on Plaintiff to initiate the unlawful detainer proceedings, and she did not do so. Two judges of the Superior Court, including the trial judge, simply disregarded or ignored the law prior to the judgment, even though Plaintiff had the law available to present to them.

Prior to the trial date, Plaintiff submitted a request for a jury trial, see Exhibit #3, but forgot to pay a jury trial fee 5 days prior to the trial date.

At the date set for the trial, the initial trial judge acknowledged the jury trial request, but said because the fee was not paid five days prior to the trial date,

that Plaintiff could not receive a jury trial. Plaintiff could have paid the jury trial fee at this initial trial date.

After the case was finally assigned to a judge for a bench trial, and after the parties, Plaintiff and Jackson, arrived, no *actual* *trial* was conducted. At best, it was a segment of a <u>hearing</u>. It was continued to a second day, but still no trial (only a partial hearing). There was **no** *court reporter* or *tape recording* of the proceedings or "trial". The trial judge denied Plaintiff's request for a stay without a hearing. And, presently, August 24, 2017, even though an *automatic stay* is imposed, and was recognized following the judgment, the clerk's office of the Superior Court has now, abruptly, and *without any notice*, discontinued recognizing and/or disregarded the automatic stay and has issued a writ of possession to Jackson, and the Sheriff has now posted a "Notice to Vacate", ordering that Plaintiff vacate the premises by August 29, 2017, even though Plaintiff has filed a Notice of Appeal. See Exhibit #4

Finally, when the trial judge, Joseph Kalin, issued his judgment for Jackson, he ordered that Jackson recover not only the "living room", but the entire premises located at 402 E. 93rd Street, Los Angeles, CA, 90003. See Exhibit #5 (judgment); even though Jackson did **not** seek or request possession of the entire premises.

## II

## REASON FOR THE TRO AND SHOW CAUSE ORDER

The main reason for the TRO is to prevent Plaintiff's eviction from his home, especially when the rightful owner, Davis, did not initiate or desire the eviction action. If Plaintiff is evicted, it will be based on unconstitutional proceedings.

The secondary reason for the TRO is to prevent Defendant Jackson from initiating or attempting to initiate enforcement proceedings based on an unconstitutional judgment.

## III

## PLAINTIFF SATISFIES ALL REQUIREMENTS FOR INJUNCTIVE RELIEF

Plaintiff can demonstrate : (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm if preliminary injunctive relief is not granted; (3) the balance of equities tips in Movant's favor; and (4) an injunction is in the public's interest. See Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008).

### A. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

Plaintiff is likely to succeed on the merits primarily because of the

unconstitutional judgment. Plaintiff can prove that the judgment is unconstitutional because of a lack of proper notice and Plaintiff's proof of deficient notice. Plaintiff can produce law stating that Jackson was required to obtain authority from the probate court to file the unlawful detainer action, and Plaintiff can produce law demonstrating that an automatic stay is imposed. Pursuant to Probate Code section 1310, in part, "...an appeal pursuant to chapter 1 (commencing with Section 1300) stays the operation and effect of the judgment or order", and pursuant to Probate Code 7241(a), in part, "an appeal under Section 7240 stays the operation and effect of the order." In Kane v. Superior Court, 37 Cal. App.4th 1577 (Cal. App. 1995), the Court stated, "As a general rule, appeals in probate proceedings automatically stay the operation and effect of the appealed order. Plaintiff has filed a notice of appeal in the Superior Court, L.A. County.

And, Plaintiff can show that the combination of the due process violations of all counts results in the unconstitutional judgment.

### B. PLAINTIFF CAN CLEARLY DEMONSTRATE IRREPARABLE HARM

If Jackson is allowed to enforce the illegal judgment, Plaintiff will be harmed by not having a home, and lacking the financial status to support the Los Angeles California housing market and, conversely will become a victim of the

housing crisis. But, even before an actual eviction, the 9th Circuit has stated, "The district court also correctly determined that the individual Plaintiffs were likely to suffer irreparable harm absent preliminary relief because they *faced* eviction from their rental units." Park Village v. Mortimer Howard Trust, 636 F.3d 1150 (9th Cir. 2011)(emphasis added). Therefore, Plaintiff has made a showing of irreparable harm simply through the proof of Jackson's Complaint. That is, the Court has held that simply the "risk of eviction", with a showing of financial disadvantage, "satisfies irreparably injury prong of preliminary injunction test". Id. And, a "threat to evict Plaintiffs created a likelihood of irreparable harm in the absence of an injunction barring future evictions." Id.

Plaintiff is 67 years old and survives on Social Security income, which is $750 a month. It would be difficult, if not impossible, for Plaintiff to acquire and maintain housing at the current Los Angeles market rate for rentals or purchases.

### C. BALANCE OF HARDSHIPS/PUBLIC INTEREST

In Park Village, supra, the 9th Circuit affirmed or approved the principle that the Court can evaluate "the balance of the hardships and the public interest together." Plaintiff believes such is appropriate in this case. "The hardship of eviction on elderly low-income tenants is self-evident," Id., and, " it is obvious

that compliance with the law is in the public interest." Id. Here, that law would be unlawful detainer law, especially as it pertains to proper notice.

## CONCLUSION

For the foregoing reasons, Plaintiff moves the Court for a temporary restraining order ( TRO) to restrain Defendants, and especially Defendant Jackson, from enforcing the unlawful detainer judgment; and for any other appropriate relief found necessary and appropriate by the Court to provide Plaintiff with complete injunctive relief.

Aug. 25, 2017
Date

LAURACK D. BRAY
Plaintiff Pro Se

```
                                                                              UD-100
```

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>DIANNE. V. JACKSON<br>402 E. 93 Street<br>Los Angeles, Ca. 90003<br>TELEPHONE NO: (323) 397-1832  FAX NO. (Optional): N/A<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Self Represented | Filed in Forma Pauperis (CRC-a., et seq.) per order<br>dated: JUN 02 2017<br>Amount recoverable pursuant to GC §68637  240<br>Plus a one time administrative fee upon judgment if the<br>party becomes a judgment creditor (GC §6103.5, 68638) |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles<br>STREET ADDRESS: 111 No Hill Street<br>MAILING ADDRESS: SAME<br>CITY AND ZIP CODE: Los Angeles, Ca. 90012<br>BRANCH NAME: CENTRAL DISTRICT | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>JUN 02 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____ Deputy<br>Victor Sino-Cruz |
| PLAINTIFF: DIANNE. V. JACKSON<br>DEFENDANT: LAURACK. D. BRAY<br>☐ DOES 1 TO _____ | |
| **COMPLAINT — UNLAWFUL DETAINER***<br>☑ COMPLAINT ☐ AMENDED COMPLAINT (Amendment Number): _____ | **CASE NUMBER:**<br>17U05596 |

Jurisdiction (check all that apply):
☑ **ACTION IS A LIMITED CIVIL CASE**
Amount demanded ☑ does not exceed $10,000
☐ exceeds $10,000 but does not exceed $25,000
☐ **ACTION IS AN UNLIMITED CIVIL CASE** (amount demanded exceeds $25,000)
☐ **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint (check all that apply):
☐ from unlawful detainer to general unlimited civil (possession not in issue)
☐ from unlawful detainer to general limited civil (possession not in issue)
☐ from limited to unlimited
☐ from unlimited to limited

OSC DATE NOV 29 2017

1. PLAINTIFF (name each): DIANNE. V. JACKSON
   alleges causes of action against DEFENDANT (name each): LAURACK. D. BRAY

2. a. Plaintiff is (1) ☑ an individual over the age of 18 years.  (4) ☐ a partnership.
       (2) ☐ a public agency.  (5) ☐ a corporation.
       (3) ☐ other (specify):
   b. ☐ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. Defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
   402 E. 93 Street (Dining Room) Los Angeles, Ca. 90003   Los Angeles County

4. Plaintiff's interest in the premises is ☐ as owner ☑ other (specify): CONSERVATOR OF HELEN. H.
5. The true names and capacities of defendants sued as Does are unknown to plaintiff. DAVIS (PERSON AND ESTATE)
6. a. On or about (date): 11/1/2006 defendant (name each): LAURACK. D. BRAY  OWNER
   (1) ☐ agreed to rent the premises as a ☐ month-to-month tenancy ☑ other tenancy (specify): PAYS NO RENT
   (2) ☐ agreed to pay rent of $ _____ payable ☐ monthly ☑ other (specify frequency): PAYS NO RENT
   (3) ☐ agreed to pay rent on the ☐ first of the month ☑ other day (specify): PAYS NO RENT
   b. This ☐ written ☑ oral agreement was made with
   (1) ☐ plaintiff.  (3) ☐ plaintiff's predecessor in interest.
   (2) ☐ plaintiff's agent.  (4) ☑ other (specify): Helen H. Davis (whom I have conservatorship over)

NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Form Approved for Optional Use<br>
Judicial Council of California<br>
UD-100 [Rev. July 1, 2005]

**COMPLAINT—UNLAWFUL DETAINER**

Page 1 of 3<br>
Civil Code, § 1940 et seq.<br>
Code of Civil Procedure §§ 425.12, 1166

EX# 1

UD-100 [Rev. July]

| PLAINTIFF (Name): DIANNE. V. JACKSON | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): LAURACK. D. BRAY | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. ☐ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $
11. ☒ The fair rental value of the premises is $ 50 per day.
12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*
13. ☐ A written agreement between the parties provides for attorney fees.
14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

    ☐ Plaintiff has met all applicable requirements of the ordinances.
15. ☒ Other allegations are stated in Attachment 15.
16. ☐ Plaintiff accepts the jurisdictional limit, if any, of the court.
17. **PLAINTIFF REQUESTS**
    a. possession of the premises.
    b. costs incurred in this proceeding:
    c. ☐ past-due rent of $
    d. ☐ reasonable attorney fees.
    e. ☒ forfeiture of the agreement.
    f. ☒ damages at the rate stated in item 11 from *(date):* 5/2/17 for each day that defendants remain in possession through entry of judgment.
    g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
    h. ☐ other *(specify):*
18. ☒ Number of pages attached *(specify):* 11

## UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*

    a. Assistant's name:
    b. Street address, city, and zip code:
    c. Telephone No.:
    d. County of registration:
    e. Registration No.:
    f. Expires on *(date):*

Date: 5/10/17

DIANNE. V. JACKSON
(TYPE OR PRINT NAME)

*(signature)*
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

### VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 5/10/17

DIANNE. V. JACKSON
(TYPE OR PRINT NAME)

*(signature)*
(SIGNATURE OF PLAINTIFF)

UD-100 [Rev. July 1, 2005]       **COMPLAINT—UNLAWFUL DETAINER**       Page 3 of 3

EXHIBIT #1

# ,0-DAY NOTICE TO TERMINATE TENANCY

**Plaintiff(s):** Dianne V. Jackson (Conservator) Owner(s)

vs.

**Defendant(s):** Laurack D. Bray Tenant(s)

and Does 1 to 10 inclusive

TO the above named TENANTS/RESIDENTS AND ALL OTHERS IN POSSESSION.

**PLEASE TAKE NOTICE** that your month-to-month tenancy of the hereinafter described premises is hereby terminated as of the date sixty (60) days after the service of this **NOTICE** upon you. **YOU ARE HEREBY** required to quit and surrender possession thereof to the undersigned on or before the date sixty (60) days after service of this NOTICE upon you.

The Premises of which you are required to surrender possession are:

Address: 402 East 93 St.  Apartment or Suite No.: Dining Room
City: Los Angeles   State: Ca.   Zip: 90003
County of: Los Angeles

**THIS IS INTENDED AS A SIXTY (60) DAY LEGAL NOTICE FOR THE PURPOSE OF TERMININATING YOUR TENANCY. THIS TERMINATION OF TENANCY IS IN ACCORDANCE WITH CALIFORNIA CIVIL CODE SECTION 789 AND/OR CALIFORNIA CIVIL CODE SECTION 1946.** State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.

Dated: 2/24/2017          _Dianne V. Jackson_ (Conservator)
                            Landlord/Agent

## PROOF OF SERVICE

I, the undersigned, being at least 18 years of age, declare under penalty of perjury that I served the above this is a true copy, on the following tenant(s) in possession in the manner(s) indicated below:

☐ On _____, I handed the notice to the tenant(s) personally.

☐ On _____, after attempting personal service, I handed the notice to a person of suitable age and discretion at the residence/business of the tenant(s), AND I deposited a true copy in the U.S. Mail, in a sealed envelope with postage fully prepaid, addressed to the tenant(s) at his/her/their place of residence (date mailed, if different _____).

☐ _____, after attempting service in both manners indicated previously, I posted the notice in a conspicuous place at the residence of the tenant(s), AND I deposited a true copy in the U.S. Mail, in a sealed envelope with postage fully prepaid, addressed to the tenant(s) at his/her/their place of residence (date mailed, if different _____).

Executed on _____          Served by _____

This form courtesy of *Express Evictions.com* (800) 491-1951

Exhibit #1

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Laurack D. Bray<br>402 E. 93rd Street<br>Los Angeles, CA 90003<br><br>TELEPHONE NO.: (805) 901-2693   FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name): | UD-105<br>FOR COURT USE ONLY<br>CONFORMED COPY<br>ORIGINAL FILED<br>County Of Los Angeles<br><br>JUN 08 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Cristina Grijalva, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 111 N. Hill Street, Rm. 118
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

Plaintiff: Dianne Jackson
Defendant: Laurack D. Bray

**ANSWER—UNLAWFUL DETAINER**

CASE NUMBER: 17U05596

1. Defendant (each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs): Laurack D. Bray

   answers the complaint as follows:

2. **Check ONLY ONE of the next two boxes:**

   a. [ ] Defendant generally denies each statement of the complaint. (Do not check this box if the complaint demands more than $1,000.)
   
   b. [X] Defendant admits *certain* statements of the complaint are true EXCEPT:
   
   (1) Defendant claims the following statements of the complaint are ~~false~~ state paragraph numbers from the complaint or explain below or on form MC-025: [ ] Explanation is on MC-025, titled as Attachment 2b(1).
   
   **Most of the allegations in Plaintiff's Attachment 15 are false.**
   
   (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them (state paragraph numbers from the complaint or explain below or on form MC-025): [ ] Explanation is on MC-025, titled as Attachment 2b(2).
   
   **No. 11**

3. **AFFIRMATIVE DEFENSES** (NOTE: For each box checked, you must state brief facts to support it in item 3k (top of page 2).)

   a. [ ] (nonpayment of rent only) Plaintiff has breached the warranty to provide habitable premises.
   b. [ ] (nonpayment of rent only) Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
   c. [ ] (nonpayment of rent only) On (date): _____ before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
   d. [ ] Plaintiff waived, changed, or canceled the notice to quit.
   e. [X] Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.
   f. [X] By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.
   g. [ ] Plaintiff's demand for possession violates the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):
   
   (Also, briefly state in item 3k the facts showing violation of the ordinance.)
   
   h. [ ] Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.
   i. [X] Plaintiff seeks to evict defendant based on acts against defendant or a member of defendant's household that constitute domestic violence, sexual assault, stalking, human trafficking, or abuse of an elder or a dependent adult. (A temporary restraining order, protective order, or police report not more than 180 days old is required naming you or your household member as the protected party or a victim of these crimes.)
   j. [X] Other affirmative defenses are stated in item 3k.

Form Approved for Optional Use
Judicial Council of California
UD-105 [Rev. January 2, 2014]

**ANSWER—UNLAWFUL DETAINER**

Page 1 of 2
Civil Code, § 1940 et seq.;
Code of Civil Procedure, § 425.12, § 1161 et seq.
www.courts.ca.gov

EXHIBIT #2

**UD-105**

CASE NUMBER: 17U05596

### 3. AFFIRMATIVE DEFENSES (cont'd)

k. Facts supporting affirmative defenses checked above (identify facts for each item by its letter from page 1 below or on form MC-025):

☐ Description of facts is on MC-025, titled as Attachment 3k.

3 i. The present Complaint by ~~defendant~~ **plaintiff** is domestic violence harassment. This complaint is not based on needs or desires of my mother. It is based on Jackson's individualized and personal animus resulting in harassment.

### 4. OTHER STATEMENTS

a. ☐ Defendant vacated the premises on (date):

b. ☐ The fair rental value of the premises alleged in the complaint is excessive (explain below or on form MC-025):
☐ Explanation is on MC-025, titled as Attachment 4b.

**PLAINTIFF lacks authority or capacity to sue**

c. ☒ Other (specify below or on form MC-025 in attachment):
☐ Other statements are on MC-025, titled as Attachment 4c.

**The unlawful detainer Court lacks jurisdiction based on a Pending motion (by defendant) in the Probate Court directly related to Plaintiff's Complaint. The Probate Court has Superior jurisdiction**

### 5. DEFENDANT REQUESTS

a. ☒ that plaintiff take nothing requested in the complaint.
b. ☒ costs incurred in this proceeding.
c. ☐ reasonable attorney fees.
d. ☐ that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.
e. ☒ Other (specify below or on form MC-025):
☐ All other requests are stated on MC-025, titled as Attachment 5e.

**Plaintiff** ~~defendant~~ be restrained from filing any further unlawful detainer actions, or taking any other actions ~~without the specific consent of the conservatee~~. **Defendant Counterclaims for harassment.**

6. Number of pages attached: 0

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code §§ 6400—6415)

7. (Must be completed in all cases.) An unlawful detainer assistant ☐ did not ☐ did for compensation give advice or assistance with this form. (If defendant has received any help or advice for pay from an unlawful detainer assistant, state):

a. Assistant's name:
b. Telephone No.:
c. Street address, city, and zip code:
d. County of registration:
e. Registration No.:
f. Expires on (date):

(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)

**Laurack D. Bray**
(TYPE OR PRINT NAME)

_[signature]_
(SIGNATURE OF DEFENDANT OR ATTORNEY)

(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DEFENDANT OR ATTORNEY)

### VERIFICATION

(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Date:

**Laurack D. Bray**
(TYPE OR PRINT NAME)

_[signature] L. D. Bray_
(SIGNATURE OF DEFENDANT)

UD-105 [Rev. January 2, 2014]

**ANSWER—UNLAWFUL DETAINER**

Page 2 of 2

**EXHIBIT # 2**

**UD-150**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Laurack D. Bray
402 E. 93rd Street, Los Angeles, CA 90003
TELEPHONE NO.: (805) 901-2693
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME:

PLAINTIFF: Dianne J. Jackson
DEFENDANT: Laurack D. Bray

☐ REQUEST   ☒ COUNTER-REQUEST
TO SET CASE FOR TRIAL—UNLAWFUL DETAINER
☐ Plaintiff   ☒ Defendant

FOR COURT USE ONLY
Received
JUN 28 2017
Default Section

CASE NUMBER: 17U05596

1. ☐ **Plaintiff's request.** I represent to the court that all parties have been served with process and have appeared or have had a default or dismissal entered against them. I request that this case be set for trial.

2. **Trial preference.** The premises concerning this case are located at (street address, apartment number, city, zip code, and county):
   402 E. 93rd Street, Los Angeles, CA 90003
   a. ☒ To the best of my knowledge, the right to possession of the premises is still in issue. This case is entitled to legal preference under Code of Civil Procedure section 1179a.
   b. ☐ To the best of my knowledge, the right to possession of the premises is no longer in issue. No defendant or other person is in possession of the premises.

3. **Jury or nonjury trial.** I request ☒ a jury trial ☐ a nonjury trial.

4. **Estimated length of trial.** I estimate that the trial will take (check one):
   a. ☐ days (specify number):   b. ☐ hours (specify if estimated trial is less than one day):

5. **Trial date.** I am not available on the following dates (specify dates and reasons for unavailability):

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)**

6. *(Complete in all cases.)* An unlawful detainer assistant ☐ did not ☐ did for compensation give advice or assistance with this form. (If declarant has received any help or advice for pay from an unlawful detainer assistant, complete a–f.)

   a. Assistant's name:
   b. Street address, city and zip code:
   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on (date):

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:
Laurack D. Bray
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**

- An unlawful detainer case must be set for trial on a date not later than 20 days after the first request to set the case for trial is made (Code Civ. Proc., § 1170.5(a)).
- If a jury is requested, $150 must be deposited with the court 5 days before trial (Code Civ. Proc., § 631).
- Court reporter and interpreter services vary. Check with the court for availability of services and fees charged.
- If you cannot pay the court fees and costs, you may apply for a fee waiver. Ask the court clerk for a fee waiver form.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
UD-150 [New January 1, 2003]

REQUEST/COUNTER-REQUEST TO SET CASE
FOR TRIAL—UNLAWFUL DETAINER

Code of Civil Procedure, §§ 631,
1170.5(a), 1179a
www.courtinfo.ca.gov

Exhibit #3

**COUNTY OF LOS ANGELES**
## SHERIFF'S DEPARTMENT
**COURT SERVICES DIVISION**

# NOTICE TO VACATE

**CASE NUMBER:** 17V 05596

TO: Judgment debtor, members of the judgment debtor's household, and any occupants residing with the judgment debtor.

By virtue of a **Writ of Possession of Real Property**, a copy of which is attached, YOU ARE ORDERED TO VACATE THE PREMISES DESCRIBED IN THE WRIT NOT LATER THAN: 8-29, 2017.

SHERIFF'S BRANCH (Name, Address and Telephone Number)

Compton Sheriff's Department
200 West Compton Blvd., #404
Compton, Ca 90220
310-603-7422

**JIM McDONNELL, SHERIFF**

By: Bentley, Deputy
Date: 8-29-17

76N654E SH-CI-52 (REV. 9/94)

**NOTICE TO VACATE**

ExHiBit #4

| | |
|---|---|
| SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>CENTRAL DISTRICT-COUNTY COURTHOUSE<br>COUNTY OF LOS ANGELES | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 06 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Inna R. Doty, Deputy |
| PLAINTIFF : JACKSON, DIANNE<br>VS<br>DEFENDANT : BRAY, LAURACK D | |
| JUDGMENT BY NON-JURY TRIAL | CASE NUMBER<br>17U05596 |

In Department 74,
Honorable JOSEPH R. KALIN , JUDGE, SUPERIOR COURT Presiding.

The court, after having considered the evidence,
found the amount of rent due the plaintiff(s) to be $       .00 , and
assessed the statutory damages for the unlawful detainer at $       .00
and ordered the following judgment: It is adjudged that on the complaint
plaintiff(s)
        DIANNE V JACKSON

recover from defendants
        LAURACK D BRAY
the restitution and possession of those premises situated in the County of
Los Angeles, State of California, and more particularly described as:
402 E 93 STREET, , LOS ANGELES, CA. 90003
and the sum of $       .00 and $       .00 attorney fees with costs as
provided by law and that the lease or agreement
under which the aforesaid property is held be, and the same is hereby
declared forfeited.

Judgment for possession is granted against all unnamed occupants pursuant to
415.46 C.C.P.

                                    _____ Deputy Clerk
                                    INNA    MATTHEWS-DOTY

        FILED AND ENTERED
           ON   7/06/17
        SHERRI R CARTER, CLERK
     CLERK OF THE ABOVE NAMED COURT

By: INNA        MATTHEWS-DOTY , Deputy


EXHIBIT #5

## LR 7-19.1 NOTICE

Pursuant to LR 7-19.1, Plaintiff notifies the Court that he orally and in person attempted to secure a representative counsel for the state Defendants by visiting the California Attorney General's Office in Los Angeles, but the office's personnel would not confirm that it receives service for the state defendants. Plaintiff did not attempt to secure a representative counsel for Sheriff McConnell and did not communicate with Dianne Jackson Jackson in large part because of a restraining order.

I declare under penalty of perjury that the foregoing is true and correct.

August 24, 2017
Date

LAURACK D. BRAY

11

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Application for an Ex Parte Temporary Restraining Order and Proposed Order was mailed, first class, postage prepaid to :

Chief, Civil Division
California Attorney General's Office
300 South Spring Street
Los Angeles, CA 90013

Dianne V. Jackson
402 E. 93rd Street
Los Angeles, CA 90003

On this day of August 26, 2017.

I declare under penalty of perjury that the foregoing is true and correct.

LAURACK D. BRAY

## NOTICE TO COURT RE: EX PARTE TRO
## PURSUANT TO LR 7-19

Plaintiff hereby gives Notice to the Court that pursuant to LR-19, that the memorandum, reasons for seeking the TRO, points and authorities, and proposed ex parte order (attached) are included herein. As far as Plaintiff has been able to understand, the last known counsel for some of the defendants are as follows:

For State Defendants:

Chief, Civil Division
California Attorney General Office
300 South Spring Street
Los Angeles, CA 90013
300 North Los Angeles Street
(213) 987-2000

Sheriff Jim McConnell
Unknown

For Dianne Jackson
402 E. 93rd Street
Los Angeles, CA 90003
Unknown