# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# JS-6

### CIVIL MINUTES – GENERAL

Case No. CV 17-06289-CJC(ASx)            Date: August 25, 2017

Title: <u>LAURACK BRAY V. SUPERIOR COURT OF CALIFORNIA, ET AL.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Melissa Kunig</u>                            <u>  N/A  </u>
Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER** [filed 8/25/2017] **AND *SUA SPONTE* ORDER DISMISSING COMPLAINT**

       On August 25, 2017, Plaintiff Laurack Bray filed an *ex parte* application for a temporary restraining order ("TRO"). (Dkt. 6 ["Application"].) Plaintiff also requests an order requiring Defendants to show cause why a preliminary injunction should not issue ("OSC"). Plaintiff has designated the following Defendants in this action: (1) the Superior Court of California; (2) Sheriff Jim McDonnell of the County of Los Angeles, in his official capacity; and (3) the Chief Justice of the State of California, Chief Justice Tani Cantil-Sakauye, in her official capacity (together, "Designated Defendants"). Plaintiff has not designated nor issued a summons for any other defendant, but Plaintiff refers to his sister, Dianne Jackson, as an additional defendant in both his Complaint, (Dkt. 1), and in the Application, (Dkt. 6). Because Plaintiff has not demonstrated a likelihood of success on the merits of his claims, his ex parte application is **DENIED**.

       A TRO is an extraordinary and drastic remedy that may only be awarded upon a clear showing that the moving party is entitled to relief. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "'A plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 17-06289-CJC(ASx)                                   Date: August 25, 2017
                                                                Page 2

---

1052 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008)).

Plaintiff here has not shown that he is likely to succeed on the merits in his lawsuit.  Plaintiff brings five causes of action, which all allege violations of Plaintiff's federal constitutional rights.  (*See generally* Dkt. 1 [Complaint].)

Plaintiff has no likelihood of success against the Designated Defendants as judges, judicial officers, and officials performing "quasi-judicial" functions are absolutely immune from liability "for acts committed within their judicial jurisdiction," whether in state or federal court.  *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *see also*, *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976).

It is also not clear from Plaintiff's Complaint whether Plaintiff is suing his sister, Ms. Jackson, in this action.  As already noted, Plaintiff has not designated Ms. Jackson as a defendant, but nevertheless refers to her as a defendant.  In any event, Plaintiff has no constitutional claim against Ms. Jackson because she did not act in an official state capacity.  The Fourteenth Amendment and 42 U.S.C. §§ 1981 and 1983, by their express language, can be violated only if there is state action and conduct committed by a state actor.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).

The Court also, *sua sponte*, **DISMISSES** Plaintiff's Complaint.  Plaintiff's Complaint fails to present "enough facts to state a claim for relief that is plausible on its face."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint must contain a short and plain statement showing that the pleader is entitled to the relief sought. Fed. R. Civ. P. 8.  Plaintiff has not done so here.  The claims against the Designated Defendants are barred by absolute immunity and any constitutional claims against Ms. Jackson are not legally viable because she is not a state actor.

sl

MINUTES FORM 11
CIVIL-GEN                                                       Initials of Deputy Clerk MKU